UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br>    v.<br>JAMES ROSS,<br>        Defendant. | Case No. 09-cr-01062-PJH-6<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING GOVERNMENT'S MOTION TO STRIKE SURPLUSAGE**<br><br>Re: Doc. Nos. 493, 496 |

This matter came on for hearing on September 21, 2016, on the motion of defendant James Ross to dismiss the superseding indictment and the motion of the government to amend the superseding indictment to strike surplusage.  For the reasons stated on the record and summarized here, the court ORDERS as follows:

1.  Defendant's motion to dismiss the superseding indictment on the ground that false testimony was presented to the grand jury is GRANTED.  Doc. no. 493.  *See United States v. Zuno-Arce,* 339 F.3d 886, 889 (9th Cir. 2003).  In the alternative, the motion to dismiss is GRANTED in the exercise of the court's inherent supervisory power because the divergence between the allegations of the superseding indictment and the proof offered at trial on a material fact would amount to a variance.  *See United States v. Ward*, 747 F.3d 1184, 1189 (9th Cir. 2014).

2.  The government's motion to amend to strike surplusage is DENIED on the ground that the allegation that the wire transfer was made "from Comerica Bank" is material and not merely a minor or technical deficiency in the superseding indictment.  Doc. no. 496.  *See United States v. Neill*, 166 F.3d 943, 947 (9th Cir. 1999).  The motion

to amend is DENIED on the separate ground that it is rendered moot by dismissal of the superseding indictment.

**IT IS SO ORDERED.**

Dated: September 22, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge